**COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON**



SECOND ORDER OF ABATEMENT

Appellate case name:    In the Interest of H.A., a Child

Appellate case numbers: 01-22-00106-CV

Trial court case number: 2020-05703

Trial court:    313th District Court of Harris County, Texas

This appeal involves the termination of the parent-child relationship. Appellant, father, has filed a notice of appeal from the trial court's January 21, 2022 order terminating his parental rights to his minor child, H.A., and granting adoption. Because this is a termination case, the Court is required to bring this appeal to final disposition within 180 days of the date the notice of appeal was filed so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app.

This case was previously abated and remanded to the trial court on April 5, 2022 for the trial court to determine if appellant wished to prosecute this appeal, whether appellant is indigent, and whether appellant should be appointed counsel. *See* TEX. FAM. CODE ANN. § 107.021; *see also In re A.G.D.*, No. 07-15-00201-CV, 2015 WL 3764918, at *1 (Tex. App.—Amarillo June 16, 2015, order); *In re C.L.S.*, 403 S.W.3d 15, 25 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (Texas Legislature has granted trial courts discretion to appoint counsel for parents in "private parental-rights disputes"). On June 3, 2022, the trial court clerk filed a sealed supplemental clerk's record containing the trial court's order finding that appellant wished to prosecute this appeal and appellant is indigent, and appointing Leneice Deshawn Parker to represent appellant on appeal.

On June 7, 2022, we issued an order reinstating the case on the Court's active docket and ordering appellant's brief to be filed by June 27, 2022. *See* TEX. R. APP. P. 28.4, 38.6(a). Appellant's brief was not filed by appellant's appointed counsel on June 27, 2022.

On July 1, 2022, the Clerk of this Court notified appellant that the time for filing his appellant's brief had expired, and neither a brief nor a motion for extension of time had been filed by appellant. The notice directed appellant to file his appellant's brief by July 8, 2022. Appellant's brief was not filed by appellant's appointed counsel on July 8, 2022.

On July 8, 2022, appellant's appointed counsel filed a motion for extension of time, stating that she was "out of the country and w[ould] not return until July 15, 2022." The motion requested that the Court grant a motion to extend time to file appellant's brief but did not specify

a date. *See* TEX. R. APP. P. 10.5(b)(1) (required contents of motion to extend time). The motion also failed to state whether it was opposed or unopposed. *See* TEX. R. APP. P. 10.1(a)(5) (requiring certificate of conference). Thus, appellant's motion for extension of time was denied.

In the July 12, 2022 order denying appellant's motion for extension of time, the Court ordered that appellant's brief be filed no later than August 4, 2022. We notified appellant that if a brief was not filed as directed, the Court may abate the appeal and remand the case to the trial court to determine whether substitute counsel should be appointed to represent appellant on appeal. Appellant's brief was not filed by appellant's appointed counsel on August 4, 2022.

On August 5, 2022, the Clerk of this Court notified appellant that the time for filing his appellant's brief had expired, and neither a brief nor a motion for extension of time had been filed by appellant. The notice directed appellant to file his appellant's brief by August 12, 2022. The Clerk also informed appellant that if a brief was not filed as directed, the Court may abate the appeal and remand the case to the trial court to determine whether substitute counsel should be appointed to represent appellant on appeal Appellant's brief was not filed by appellant's appointed counsel on August 12, 2022.

On August 15, 2022, the Court abated the appeal and directed the trial court to hold a hearing at which Leneice Deshawn Parker, appointed counsel for appellant, was to be present. The trial court was directed to:

(1) determine whether appellant's court-appointed counsel, Leneice Deshawn Parker, had abandoned the appeal;

(2) if counsel had not abandoned the appeal, inquire of counsel the reasons, if any, that she had failed to file a brief and set a date by which counsel would file a brief, not later than twenty days from the date of the hearing;

(3) if counsel had abandoned the appeal, enter an order relieving her of her duties as appellant's appointed counsel on appeal, including in the order the basis for the finding of abandonment, and appoint new appellate counsel at no expense to appellant and set a date by which counsel would file a brief, no later than twenty days from the date of the hearing;

(4) make any other findings and recommendations that the trial court deemed appropriate; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notation.

We also informed the trial court that the hearing was to be conducted within 10 days of the date of the abatement order. And that the trial court should have a court reporter record the hearing and file the reporter's record within 14 days of the date of the trial court's hearing. The trial court clerk was to file a supplemental clerk's record containing the trial court's orders and findings within 14 days of the date of the trial court's hearing. If the hearing was conducted by video teleconference, a certified video recording of the hearing was to be filed in this Court within 14 days of the date of the trial court's hearing.

We have not received a reporter's record or a certified video recording related to the above-described hearing. On August 26, 2022, the trial court clerk filed a supplemental recording, but did not include any orders or findings of the trial court related to the above-described hearing.

Accordingly, we again direct the trial court to hold a hearing at which Leneice Deshawn Parker, appointed counsel for appellant, shall be present. The trial court is directed to:

(1)     determine whether appellant's court-appointed counsel, Leneice Deshawn Parker, has abandoned the appeal;

(2)     if counsel has not abandoned the appeal, inquire of counsel the reasons, if any, that she has failed to file a brief and set a date by which counsel will file a brief, not later than twenty days from the date of the hearing;

(3)     if counsel has abandoned the appeal, enter an order relieving her of her duties as appellant's appointed counsel on appeal, including in the order the basis for the finding of abandonment, and appoint new appellate counsel at no expense to appellant and set a date by which counsel will file a brief, no later than twenty days from the date of the hearing;

(4)     make any other findings and recommendations that the trial court deems appropriate; and

(5)     enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notation.

The hearing shall be conducted **within 10 days of the date of this order**. The trial court shall have a court reporter record the hearing and file the reporter's record **within 14 days of the date of the trial court's hearing**. The trial court clerk shall file a supplemental clerk's record containing the trial court's orders and findings **within 14 days of the date of the trial court's hearing**. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court **within 14 days of the date of the trial court's hearing**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing is filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: _____/s/ Julie Countiss_____
                                    Acting individually

Date:  September 1, 2022

3